IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WAYNE HARTUNG, | : |
| Plaintiff, | : |
| vs. | : Case No. Case 1:21-cv-00099-CG-C |
| PHH MORTGAGE CORPORATION, SUCCESSOR BY MERGER TO OCWEN LOAN SERVICING, LLC, and FEDERAL NATIONAL MORTGAGE ASSOCIATION, | : : : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

This cause is before the Court on Plaintiff Wayne Hartung's ("Plaintiff") Motion for Remand (Doc. 9). This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that Plaintiff's Motion for Remand be **DENIED**.

## BACKGROUND

Plaintiff and Defendants entered into a confidential settlement agreement and release (the "SAR") to resolve a previous federal lawsuit based on a loan in the amount of $124,000.00 obtained by Plaintiff in January 2013 (the "Loan").

On January 25, 2021, Plaintiff filed a Complaint for Breach of Settlement Agreement and Wanton Collections/Invasion of Privacy in the Circuit Court of Mobile County, Alabama, against Defendants PHH Mortgage Corporation, successor by merger to Ocwen Loan Servicing LLC ("PHH") – the servicer of the Loan – and Federal National Mortgage Association ("Fannie Mae") – the owner of the Loan – (collectively, "Defendants").

1

Plaintiff alleges in the Complaint that Defendants have (1) failed to implement the terms of the SAR, (2) rejected post-settlement payments tendered by Plaintiff, (3) threatened imminent foreclosure proceedings, and (4) subjected Plaintiff to a "systematic campaign of harassing phone calls, all in an attempt to collect amounts not owed." Complaint ¶¶ 9–10.

Defendants removed the case on February 26, 2021, based only on the independent and original basis for federal jurisdiction of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1). On March 22, 2021, Plaintiff filed the instant Motion for Remand pending before this Court. (Doc. 9).

Plaintiff argues in his Motion for Remand that this case must be remanded because the amount expressly sought in the Complaint – $74,999 requested as "relief sought" as opposed to a verified *ad damnum* clause – definitively controls this case as Defendants failed to show to a legal certainty that the amount exceeds the threshold.

The Parties do not contest the diversity of citizenship between Plaintiff and Defendants, or the timeliness of removal as Defendants removed the action within thirty (30) days of receipt of a copy of the Complaint pursuant to 28 U.S.C. §§ 1446(b). Thus, the only issue before the Court is whether Defendants satisfied their burden to prove by a preponderance of evidence that the amount-in-controversy exceeds $75,000.

## LEGAL STANDARD

When a civil action is originally brought in state court, a defendant may remove the action when the federal court has original jurisdiction. 28 U.S.C. § 1441(a). The removing defendant bears the burden of establishing federal jurisdiction. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008).

The parties dispute the nature of Defendants' burden. Plaintiff relies on *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994), to argue that when a plaintiff expressly requests damages beneath the jurisdictional threshold for removal, the defendant must prove to a "legal certainty" that the amount-in-controversy is actually in excess of the jurisdictional threshold.

However, as Defendants correctly argue, the "legal certainty" test set forth in *Burns* has been abrogated by subsequent amendments to 28 U.S.C. § 1446. *See*, *e.g.*, *Northington v. State Farm Fire & Cas. Co.*, No. 7:13-cv-0976-JEO, 2013 WL 12310902, at *3 (N.D. Ala. June 28, 2013). "The standard [for determining amount in controversy on removal] was altered . . . by a 2011 statutory amendment to 28 U.S.C. § 1446." *Harris v. Aghababaei,* 81 F.Supp.3d 1278, 1280–81 (M.D.Ala.2015) (Albritton, J.), *citing* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112–63, § 103, 125 Stat. 758, 762 (2011) (enacted December 7, 2011, and taking effect January 6, 2012). The amended § 1446(c)(2) presently reads as follows:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
> (i) nonmonetary relief; or
> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, *by the preponderance of the evidence,* that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446 (emphasis added). "In cases falling under the terms of § 1446(c)(2), therefore, the preponderance of the evidence standard now applies." *Harris*, 81 F.Supp.3d at 1281; *see also Andrews v. Camping World Inc.*, No. CV15-00492-CG-N, 2015 WL 7770681, at *3 (S.D. Ala. Nov. 16, 2015), *report and recommendation adopted*, No. 15-0492-CG-N, 2015 WL 7776590

3

(S.D. Ala. Dec. 2, 2015) ("Therefore, as contemplated by § 1446(c)(2)(A)(ii) and (B), because the Plaintiffs have raised the challenge, "the court finds it must evaluate whether [Progressive] ha[s] shown, by a preponderance of the evidence, that the amount in controversy in this case exceeds $75,000.").[1]

Thus, now, the default rule is that the amount demanded in a plaintiff's complaint "shall be deemed the amount in controversy." 28 U.S.C. § 1446(c)(2). However, the statute then carves out two exceptions to this default rule; that is, when the complaint either (1) seeks nonmonetary relief, or (2) when the applicable state law "permits recovery of damages in excess of the amount demanded" the notice of removal may assert the amount in controversy. *Id.* § 1446(c)(2)(A)(i)–(ii); *David v. USAA Cas. Ins. Co.*, No. 5:21CV27-MW/MJF, 2021 WL 1152934, at *1 (N.D. Fla. Mar. 24, 2021). In either scenario, removal is proper if "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." *Id.* § 1446(c)(2)(B).

Here, both exceptions apply. As admitted by Plaintiff's counsel during oral argument, Plaintiff seeks nonmonetary (*i.e.*, injunctive) relief that was not included in his assertion regarding the amount in controversy. Also, Alabama law allows a plaintiff in a tried case to recover in excess of the amount claimed in the complaint. *See* ALA. R. CIV. P. 54(c).

Regarding the first exception – nonmonetary relief – (1) Plaintiff admits he seeks injunctive relief under the Breach of Contract claim in the form of specific performance of the settlement agreement which logically would include enjoining Defendants from holding Plaintiff's loan in default and pursuing foreclosure; and (2) the Court finds that Plaintiff cannot succeed under his

---

[1] Even if this Court applied the "legal certainty" test the decision would remain the same as the evidence before the Court is sufficient to prove to a "legal certainty" that the amount in controversy exceeds $75,000.

Wanton Collections and Invasion of Privacy claim without enjoining Defendants from pursuing foreclosure.

Regarding the second exception, "Alabama . . . permits recovery of damages exceeding the amount claimed in the *ad damnum* clause." *Harris,* 81 F.Supp.3d at 1281 (citing Ala. R. Civ. P. 54(c) ("Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings.")); *see also Fuller v. Preferred Risk Life Ins. Co.,* 577 So.2d 878, 883–84 (Ala. 1991) ("The adoption of the Alabama Rules of Civil Procedure in July 1973 ensured that the relief available to a plaintiff was not limited by the pleadings filed by his attorney.").

Thus, the question before this Court is, while resolving uncertainties "in favor of remand," have Defendants shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Andrews v. Camping World Inc.*, No. CV15-00492-CG-N, 2015 WL 7770681, at *3 (S.D. Ala. Nov. 16, 2015), report and recommendation adopted, No. 15-0492-CG-N, 2015 WL 7776590 (S.D. Ala. Dec. 2, 2015) ("Therefore, as contemplated by § 1446(c)(2)(A)(ii) and (B), because the Plaintiffs have raised the challenge, "the court finds it must evaluate whether [Progressive] ha[s] shown, by a preponderance of the evidence, that the amount in controversy in this case exceeds $75,000.").

## ANALYSIS

Federal courts may exercise original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . ." and is between citizens of different states. 28 U.S.C.S. § 1332(a)(1). In diversity jurisdiction matters, "[a] court's analysis of the amount-in-controversy requirement focuses on how much is in controversy

5

at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 751 (11th Cir. 2010).

When a plaintiff seeks injunctive relief, "the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted . . . or, conversely, the losses that will follow from not obtaining the injunction." *Mixon v. Nationstar Mortg., LLC*, 62 F. Supp. 3d 1321, 1323 (S.D. Ala. 2014), quoting *Hunt v. Washington State Apple Advertising Commission,* 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L.Ed.2d 383 (1977) (internal quotations omitted). In this matter, the fourth approach below, also known as the "*Mixon* approach," provides an analytical model for determining the value of the equitable relief sought by Plaintiff:

> Federal courts in Alabama . . . have taken one of four approaches to establish the amount in controversy in claims involving wrongful foreclosures: either (1) the value of the property; (2) the amount of the mortgage (i.e., the balance due on the promissory note secured by the mortgage); (3) the value of a temporary delay of a foreclosure; or (4) *a plaintiff's equity in the real estate subject to foreclosure.*

*Mixon*, 62 F. Supp. 3d at 1323, citing *Mapp v. Deutsche Bank National Trust Co.,* 2009 WL 3664118 at *1 (M.D.Ala.2009) ("*Mapp II*") (emphasis added).

The *Mixon* approach applies here because "[i]n cases seeking injunctive relief to only enjoin a foreclosure sale, and not to otherwise cancel associated mortgage debt or security interest" – as is the case here – "the *Mixon* approach better aligns with the principle that the amount of controversy is measured by the benefit of the injunctive relief flowing to a plaintiff." *Jackson v. Wilmington Tr., Nat'l Ass'n*, No. 1:17-CV-2616-CC-JKL, 2017 WL 8218941, at *8 (N.D. Ga. Oct. 24, 2017). "That benefit must be the total benefit, accounting for both gains and losses flowing

6

from the injunctive relief here . . . both the positive value of the home and the negative value of the mortgage loan associated with it." *Id.*

As a result, "the amount placed in controversy by a demand to enjoin a defendant's foreclosure will be no more than the fair market value of the property at the time of removal, less the amount of mortgage debt which the net proceeds of the foreclosure sale will eliminate." *Mixon*, 62 F. Supp. 3d at 1326–27. "Thus, the foreclosure sale ordinarily will generate proceeds sufficient to eliminate that debt, leaving only the gap between fair market value and mortgage debt (*the plaintiff's equity*, if otherwise unencumbered) as his maximum potential loss should foreclosure not be enjoined." *Id.* (emphasis added).

Turning to evidence before the Court, in their Opposition to Plaintiff's Motion for Remand, Defendants include evidence, the Declaration of Kevin Flannigan, that establishes, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Plaintiff contends that the Court is prohibited from considering this Declaration because it was not filed simultaneously with Defendants' Notice of Removal.  However, courts consider all of the evidence in the record when deciding a motion to remand, including evidence submitted in response to a motion to remand. *See Transamerican Equip. Co., LLC v. Indus. Assets Corp.*, No. 7:17-CV-00481-LSC, 2018 WL 831014, at *2 (N.D. Ala. Feb. 12, 2018), *citing Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 753-55 (11th Cir. 2010) ("When determining whether a party has met the burden of proving diversity, the Court considers all of the evidence, both presented with the notice of removal, as well as that evidence submitted in response to the Motion to Remand."). Plaintiff did not present any evidence other than submitting, at the Court's request and after the filing of the Motion for Remand, the SAR for its *in camera* review.

The Defendants' Declaration shows that the fair market value of the property – appraised at $145,000 shortly before removal on January 11, 2021 – less the amount of mortgage debt – $69,780.45 as of February 26, 2021 – establishes Plaintiff's equity in the property in the amount of $75,219.55. This alone is sufficient to exceed the jurisdictional minimum of $75,000. In addition, Plaintiff also seeks to recover monetary relief in his Complaint, including damages for emotional distress and mental anguish, compensatory damages, punitive damages, and attorneys' fees,

Therefore, the Court is satisfied that Defendants have established by a preponderance of the evidence that the aggregate of Plaintiff's equitable and monetary relief sought, which includes damages for emotional distress and mental anguish, attorneys' fees, compensatory damages, and punitive damages, exceeds $75,000 because only part of the relief sought – nonmonetary injunctive relief – by itself creates an amount in controversy of more than $75,000. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir.2010) ("Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount. Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.").

Thus, diversity jurisdiction exists in this matter because the Parties are diverse and Defendants have sufficiently established by a preponderance of the evidence that the amount in controversy exceeds $75,000.

## CONCLUSION

Therefore, it is recommended that the instant Motion for Remand (Doc. 9) filed by Plaintiff be **DENIED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on un-objected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review an appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 9th day of July, 2021.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**